IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAMIEN FORD                                                                                                  PETITIONER
ADC #143035

V.                               CASE NO. 5:16-cv-00250 KGB-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

> District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Damien Ford (DE #2) on August 8, 2016. A Miller County, Arkansas jury convicted Ford of one count of first-degree battery, one count of second-degree battery, and one count of aggravated assault for his role in the beating death of his girlfriend's 23-month-old son. He received an aggregate fifty-two (52) year sentence in the Arkansas Department of Correction (ADC). The Arkansas Court of Appeals affirmed Ford's conviction on October 29, 2014. *See Ford v. State*, 2014 Ark. App. 576.

On January 23, 2015, Miller County Circuit Court filed Ford's Rule 37 Petition, wherein Ford argued eleven claims of ineffective assistance of counsel (DE #35, at p.10). The circuit court denied the petition as untimely on February 2, 2015 (DE #2, at pp. 57-61). The Arkansas Supreme Court dismissed Ford's appeal from the denial of his Rule 37 petition on January 7, 2016. *See Ford v. State*, 2016 Ark. 3. As previously noted, Ford filed the instant habeas petition on August 8, 2016. Wendy Kelley responded with a Motion to Dismiss (DE #32). She argues the petition is time-barred by the Antiterrorism and Effective Death Penalty Act (AEDPA) (DE #33). Ford asserts that he is

entitled to equitable tolling because his Rule 37 Petition was properly and timely filed (DE #35). Ford contends his pleading was stamped by the prison mail room on January 13, 2016, but not filed by the circuit clerk until January 23, 2015, making it look as if his petition was untimely. *Id.* at 2-3. For the reasons that follow, the undersigned grants the motion to dismiss.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Arkansas Court of Appeals affirmed Ford's conviction on October 29, 2014. Pursuant to *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), the one-year limitation for filing a federal habeas commenced on November 17, 2014, when Ford's time for seeking discretionary review of the Court of Appeals decision by the Arkansas Supreme Court on direct review expired.[1] *See* Ark. Sup. C. R. 2-4(a) ("A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision, regardless of whether a petition for rehearing is filed with the Court of Appeals."). Therefore, Ford had until November 17, 2015, to file a timely federal habeas petition. Ford filed the instant petition on August 8, 2016; thus, it is untimely.

The Rule 37 petition did not toll the statute of limitations because it was also untimely. A "properly filed" Rule 37 petition would toll the statute of limitations while the petition was pending in state court. *See* § 2244(d)(2). An untimely Rule 37 petition is not "properly filed." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2012). Petitioner had sixty days from the Court of Appeals mandate to file a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37. *See* Ark. R.

---

[1] The time to seek review expired on Sunday, November 16, 2014. Therefore, the petition was due to be filed no later than the next business day, November 17, 2014.

3

Crim. P. 37.2(c) (imposing deadline of sixty days from appellate mandate to file Rule 37 petition). Petitioner's Rule 37 petition was filed late, precluding any relief. While Ford notes that he placed his petition in the prison mail prior to the petition's filing date deadline, he faults the county court clerk for failing to file his petition in a timely manner. However, Arkansas has not adopted the "prison mailbox rule," which provides that a pro se inmate files a petition at the time it is placed in the hands of prison officials for mailing. *Hamel v. State*, 1 S.W.3d 434, 435-36 (Ark. 1999). In the Arkansas state courts, an item tendered to a court is considered filed on the date it is file-marked by the clerk, not on the date it may have been placed in the mail. *See id.* Because the state court found Ford's petition untimely under its rules, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2), *see Pace v. DiGuglielmo*, 544 U.S. at 414. Therefore, the time during which the Rule 37 petition and Rule 37 appeal were pending had no tolling effect on the one-year limitation period.

There is no reason to believe that equitable tolling would be appropriate in this instance. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). Petitioner brought the current action almost one year after the limitations period had expired. Accordingly, the Court finds that the petition is time barred.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss (DE #32) be GRANTED, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be DISMISSED, and the relief prayed for be DENIED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 13th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE