IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAMIEN FORD**  **PETITIONER**
ADC #143035

v.  Case No. 5:16-cv-00250 KGB/JTK

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  **RESPONDENT**

# ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 38). After careful review of the Proposed Findings and Recommendations and the timely objections thereto (Dkt. No. 39), as well as a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendations should be, and are hereby, approved and adopted as this Court's findings in all respects, with one modification (Dkt. No. 38). All pending motions are denied as moot.

The Court rejects petitioner Damien Ford's argument that his Rule 37 petition was timely filed under the "prison mailbox rule." When Mr. Ford filed his Rule 37 petition in January of 2015, the state of Arkansas had not adopted a prison mailbox rule. *See Clay v. State*, 2015 Ark. 352, *2 (2015) ("Clay would have this court apply the prison-mailbox rule to excuse the delay, but, at the time that he filed his notice of appeal, this court had not adopted such a rule.") (citing *Hamel v. State,* 1 S.W.3d 434 (Ark. 1999)). The Arkansas Supreme Court "adopted limited implementation of the prison-mailbox rule through amendments to" Arkansas Rule of Criminal Procedure 37.2, but those amendments went into effect on September 1, 2015. *McClinton v. State*, 506 S.W.3d 227, 228 (Ark. 2016) (per curiam). These amendments do not apply to Mr. Ford's petition, as it was filed before the amendments went into effect. *See Clay*, 2015 Ark. at *2 (finding

that the prison mailbox rule did not apply to a Rule 37 petition because, "at the time that [the petitioner] filed his notice of appeal, this court had not adopted such a rule"). Even if the amendments had been in effect, Mr. Ford's petition was not timely filed under the prison mailbox rule because he did not strictly comply with the requirements of Arkansas Rule of Criminal Procedure 37.2(g) (as amended Sept. 1, 2015). *See McClinton*, 506 S.W.3d at 229 ("Additionally, under Rule 37.2(g), the envelope in which the petition is mailed to the circuit clerk shall be retained by the circuit clerk and included in the record of any appeal of the petition. Because McClinton did not meet the requirements of the prison-mailbox rule, specifically that he did not include the above-referenced notarized statement in his Rule 37.1 petition, he does not benefit from its application.").

The Court will not issue a certificate of appealability because Mr. Ford has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). Because the Court will not issue a certificate of appealability, it certifies that an appeal *in forma pauperis* would not be taken in good faith. Fed. R. App. P. 24(a)(3)(A).

So ordered this 30th day of June, 2017.

_____
Kristine G. Baker
United States District Judge