IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DAMIEN FORD**  PETITIONER
**ADC #143035**

v.  Case No. 5:16-cv-00250-KGB/JTK

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**  RESPONDENT

# ORDER

Before the Court is a motion for certificate of appealability filed *pro se* by petitioner Damien Ford (Dkt. No. 57). Mr. Ford simultaneously filed a notice of appeal with his motion for certificate of appealability (Dkt. No. 56). To the extent this Court retains jurisdiction to consider his request, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), because the Court by prior Order determined that Mr. Ford did not make a substantial showing of the denial of a constitutional right and denied a certificate of appealability (Dkt. No. 51), Mr. Ford's motion for certificate of appealability is denied. 28 U.S.C. § 2253(c)(1)-(2). Mr. Ford may reassert his motion for certificate of appealability to the Eighth Circuit. *Id.*

Also before the Court is Mr. Ford's *pro se* motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 53). Defendant Wendy Kelley has responded in opposition (Dkt. No. 55). By prior Order, this Court approved and adopted the Proposed Findings and Recommendations of United States Magistrate Judge Jerome T. Kearney, finding that Mr. Ford's Rule 37 petition was not timely filed (Dkt. No. 51). The Court explained that, while the Arkansas Supreme Court has adopted limited implementation of the prison-mailbox rule through amendments to Arkansas Rule of Criminal Procedure 37.2, those amendments did not go into effect until September 1, 2015, and thus do not apply to Mr. Ford's January 2015 Rule 37 petition

(*Id*).  The Court further found that, even if the amendments had been in effect, Mr. Ford's petition was not timely filed under the prison-mailbox rule because he did not strictly comply with the requirements of Arkansas Rule of Criminal Procedure 37.2(g) (*Id.*).  Mr. Ford's present motion does not address the Court's finding that he did not strictly comply with Rule 37.2(g).

Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*.  The rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, and the rule may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing Fed. R. Civ. P. 59(e)).

In his motion, Mr. Ford reiterates his argument that the prison-mailbox rule applies to his Rule 37 petition and that he timely filed his petition when he placed it in the institution's internal mail system on January 12, 2015.  Mr. Ford raises no new arguments and presents no newly discovered evidence in support of his motion as required by Rule 59(e).  The Court denies Mr. Ford's motion to alter judgment.

It is therefore ordered that:

1. Mr. Ford's motion for certificate of appealability is denied (Dkt. No. 57); and
2. Mr. Ford's motion to alter or amend judgment is denied (Dkt. No. 53).

It is so ordered this 7th day of December, 2017.

_____
Kristine G. Baker
United States District Judge