## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**DAMIEN FORD**                                                                                      **PETITIONER**
**ADC #143035**

**v.**                                   **Case No. 5:16-cv-00250-KGB-JTK**

**DEXTER PAYNE, Director,**
**Arkansas Department of Correction[1]**                                          **RESPONDENT**

## ORDER

Before the Court is petitioner Damien Ford's motion to alter or amend judgment pursuant

to Federal Rule of Civil Procedure 59(e) (Dkt. No. 94).  Also before the Court is Mr. Ford's motion

for temporary restraining order and/or a mandatory motion for preliminary injunction (Dkt. No.

96).  In addition, the Court has before it Mr. Ford's motion to supplement (Dkt. No. 97).  For the

following reasons, the Court denies Mr. Ford's motions (Dkt. Nos. 94, 96, 97).

### I.       Background

On August 8, 2016, Mr. Ford filed a petition for a writ of *habeas corpus* pursuant 28 U.S.C.

§ 2254 (Dkt. No. 2).  Respondent Wendy Kelley, then-director of the Arkansas Department of

Corrections ("ADC"), moved to dismiss the petition as untimely (Dkt. No. 32).  On January 13,

2017, United States Magistrate Judge Jerome T. Kearney submitted Proposed Findings and

Recommendations recommending that Mr. Ford's petition be dismissed because it was not timely

filed (Dkt. No. 38, at 4).  Judge Kearney found that the one-year limitation for filing a federal

petition for writ of *habeas corpus* commenced on November 17, 2014, when Mr. Ford's time for

---

[1]   Director Kelley retired from the Arkansas Department of Correction while this case has
been pending, and Dexter Payne was appointed as the current Director of the Division of
Correction by the Arkansas Board of Corrections.  Pursuant to Federal Rule of Civil Procedure
25(d), the Court substitutes Director Payne as the defendant.

seeking discretionary review in the Arkansas Supreme Court expired (*Id.*, at 3).  Mr. Ford thus had until November 17, 2015, to file a timely petition, but he did not file the instant petition until August 8, 2016 (*Id.*).  Judge Kearney therefore found that Mr. Ford's petition was untimely (*Id.*).  Judge Kearney also found that Mr. Ford's Rule 37 petition did not toll the one-year statute of limitations because it was also untimely and thus was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) (*Id.*, at 4).

On June 30, 2017, this Court approved and adopted Judge Kearney's Proposed Findings and Recommendations with one modification, over Mr. Ford's objection, and issued a Judgment dismissing Mr. Ford's petition for writ of *habeas corpus* (Dkt. Nos. 51, 52).  This Court rejected Mr. Ford's argument that his Rule 37 petition was timely filed under the "prison mailbox rule."  This Court clarified that the Arkansas Supreme Court had not adopted the prison mailbox rule when Mr. Ford filed his Rule 37 petition in January 2015 and that, even if the rule had been adopted at that time, Mr. Ford did not strictly comply with the requirements of Arkansas Rule of Criminal Procedure 37.2(g) (as amended Sept. 1, 2015) (Dkt. No. 51, at 1–2).  The Court also declined to issue a certificate of appealability because Mr. Ford had not made a substantial showing of a denial of a constitutional right (*Id.*, at 2).

Mr. Ford then filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 53).  In his motion, Mr. Ford reiterated his argument that the prison-mailbox rule applies to his Rule 37 petition and that he timely filed his petition when he placed it in the institution's internal mail system on January 12, 2015 (*Id.*).  This Court concluded that Mr. Ford demonstrated no manifest errors of law or fact and presented no newly discovered evidence in support of his motion as required by Rule 59(e).  This Court therefore denied Mr. Ford's motion to alter or amend judgment (Dkt. No. 59).

The United States Court of Appeals for the Eighth Circuit dismissed Mr. Ford's appeal of this Court's denial of application for a certificate of appealability on March 27, 2018. *Ford v. Kelley*, No. 17-3671 (8th Cir. March 27, 2018) (Dkt. No. 70). The Eighth Circuit later denied Mr. Ford's petition for rehearing *en banc* and petition for rehearing by panel (Dkt. No. 71).

Thereafter, Mr. Ford filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. No. 73). On February 5, 2021, this Court denied Mr. Ford's motion (Dkt. No. 91). This Court found that Mr. Ford's motion was not brought within a reasonable time under Rule 60(c) (*Id.*, at 4-5). Furthermore, this Court found that even if Mr. Ford's motion was brought within a reasonable time, he presented no extraordinary circumstances to entitle him to relief from under Rule 60(b)(6) (*Id.*, at 5-6).

Now before the Court is Mr. Ford's second motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) filed March 3, 2021 (Dkt. No. 94), his motion for temporary restraining order and/or a mandatory motion for preliminary injunction (Dkt. No. 96), and his motion to supplement (Dkt. No. 97).

## II.    Motion to Alter Or Amend Judgment

Mr. Ford moves to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 94). Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). The deadline for filing such motions is short: 28 days from entry of the judgment, with no possibility of an extension. *Bannister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (citing Federal Rule of Civil Procedure 6(b)(2) prohibiting extensions to Rule 59(e)'s deadline)).

Mr. Ford filed the instant motion on March 3, 2021—almost four years after this Court entered judgment against him and three years after the Eighth Circuit dismissed his appeal.  Mr. Ford's motion is thus untimely.

Mr. Ford in his motion references "the Judgment entered in this case on 2-5-21" (Dkt. No. 94, at 1).  As explained, this Court entered Judgment dismissing Mr. Ford's petition for writ of habeas corpus on June 30, 2017 (Dkt. No. 52).  This Court denied Mr. Ford's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) by written Order on February 5, 2021 (Dkt. No. 91).  To the extent Mr. Ford challenges this Court's February 5, 2021, Order, the Court construes Mr. Ford's motion as a motion for reconsideration.  A motion for reconsideration "serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence" after a final judgment.  *United States v. Metro St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal citations omitted).  Mr. Ford presents no newly discovered evidence in his motion for reconsideration.  Further, this Court finds no legal or factual basis on which to reconsider its prior ruling.

For these reasons, the Court denies Mr. Ford's motion (Dkt. No. 94).

### III.    Motion for Temporary Restraining Order

Mr. Ford also moves for a temporary restraining order or a mandatory or preliminary injunction (Dkt. No. 96).  Mr. Ford is currently in custody of the ADC following a conviction in Arkansas state court.  Mr. Ford argues that his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments are being violated because of new ADC policies altering the list of restricted items in the Tucker Maximum Security Unit (*Id*., at 3).  Mr. Ford seeks relief in the form of the return of his "illegally seized property," including various hygiene items, law work and mail, self-help books, stamped envelopes, manilla envelopes, and sheets (*Id*., at 3-4).  Finally, Mr. Ford

requests that he be able to purchase "all items that were recently placed as restricted [] that prisoners could previously get." (*Id.*, at 3).

This Court construes Mr. Ford's arguments regarding alleged constitutional violations as not properly before this Court in the pending action.  To the extent that Mr. Ford in his motion challenges the conditions of his confinement as a violation of the Eighth Amendment, that claim is not properly before this Court.  *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014) (holding that a federal *habeas* petition is not the proper claim to remedy an alleged Eighth Amendment violation).  Such a claim must be brought in a separate action, not in this now-dismissed *habeas* action.

Moreover, to the extent Mr. Ford's motion could be construed as a request for relief in this federal *habeas* action due to an alleged constitutional violation, Mr. Ford's motion constitutes a successive *habeas corpus* petition for which he must seek permission from the Eighth Circuit Court of Appeals to file.  *Burton v. Stewart*, 549 U.S. 147 (2007) (stating that a prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).  This Court lacks jurisdiction over a successive *habeas corpus* petition.  A motion is a successive *habeas corpus* petition if it contains a claim, defined as an asserted federal basis for relief from a state court's judgment of conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).  Accordingly, the Court denies Mr. Ford's motion for temporary restraining order or mandatory or preliminary injunction (Dkt. No. 96).

### IV.    Motion To Supplement

Mr. Ford also filed a motion to supplement, seeking "to add the ground that [his] direct appeal counsel was ineffective for not bringing up in [his] direct appeal the proper essential jury instructions that [he] was entitled to" (Dkt. No. 97, at 1).  As explained in this Order, this Court

entered final judgment on Mr. Ford's federal *habeas corpus* petition on June 30, 2017 (Dkt. Nos. 51, 52). To the extent Mr. Ford asserts another basis for relief in this now-dismissed federal *habeas* action, Mr. Ford's motion to supplement constitutes a successive *habeas corpus* petition. A motion is a successive *habeas corpus* petition if it contains a claim, defined as an asserted federal basis for relief from a state court's judgment of conviction. *Gonzalez*, 545 U.S. at 530. There is no indication that Mr. Ford received permission from the Eighth Circuit Court of Appeals to file this motion. *See Burton*, 549 U.S. at 147. As a result, this Court lacks jurisdiction. Therefore, the Court denies Mr. Ford's motion to supplement (Dkt. No. 97).

## V.     Conclusion

For the foregoing reasons, the Court denies Mr. Ford's motion to alter or amend judgment, motion for a preliminary injunction and/or temporary restraining order, and motion to supplement (Dkt. Nos. 94, 96, 97).

It is so ordered this 14th day of March, 2022.

Kristine G. Baker
United States District Judge